STATE OF NORTH CAROLINA v. EDWARD HALL, JR. AND HORACE STEPHENS

No. 8516SC1339

(Filed 1 July 1986)

1. **Burglary and Unlawful Breakings § 8; Larceny § 1— breaking or entering with felonious intent to commit larceny—punishment for both crimes—no double jeopardy**

   Defendant could properly be punished upon convictions for breaking or entering with the felonious intent to commit larceny therein in violation of N.C.G.S. § 14-54 and for larceny committed pursuant to such breaking or entering as provided in N.C.G.S. § 14-72(b)(2), and punishment for both crimes did not subject defendants to double jeopardy.

2. **Criminal Law § 61.2— shoe prints—nonexpert opinion testimony proper**

   Though police officers were not experts in identifying shoe prints, they were nevertheless qualified to compare shoes and shoe prints and could properly conclude that shoes which defendants were wearing and shoe prints leading from the scene of the crime to the place where defendants were apprehended matched.

3. **Criminal Law §§ 138.6; 138.41— separate listing of mitigating and aggravating factors—ministerial oversight**

   There was no merit to defendant's contention that the trial court erred in failing to find in mitigation that he had been honorably discharged from the armed services, since there was no proof that defendant was so discharged; nor was there merit to his contention that the court did not list separately for each offense the aggravating and mitigating factors found, since the transcript of the sentencing hearing showed that the trial judge made and listed findings supporting the validity of both judgments, and it was a ministerial oversight rather than judicial error which resulted in only one aggravating and mitigating factors form sheet being signed and put in the file.

APPEAL by defendants from *Johnson, E. Lynn, Judge.* Judgments entered 18 July 1985 in Superior Court, ROBESON County. Heard in the Court of Appeals 18 April 1986.

Under a two count indictment applicable only to him each of the defendants was convicted of felonious breaking or entering in

violation of G.S. 14-54 and felonious larceny in violation of G.S. 14-72. Each defendant was sentenced to a prison term for each offense in excess of the presumptive term.

The evidence of the parties was to a different effect. The State's evidence was that: An F.C.X. store in Fairmont was forcibly entered during the night of 29 January 1985 and several articles of merchandise taken away, including an air compressor with wheels. Early that morning the investigating police found two sets of shoe prints and a set of wheel tracks which led from the store to the house of defendant Hall's father, where they found the stolen merchandise and both defendants asleep in bed. The wheel tracks the police followed appeared to match the wheels of the stolen air compressor and the shoe prints appeared to match the shoes that the defendants put on their feet after the police awakened them. The defendants' evidence, through their own testimony, in effect was that they knew nothing about the theft; that defendant Hall spent the night before the break-in drunk and asleep in his father's house, and defendant Stephens spent the night elsewhere and did not arrive there until about twenty-five minutes before the police arrived.

*Attorney General Thornburg, by Assistant Attorney General William F. Briley, for the State.*

*Appellate Defender Hunter, by Assistant Appellate Defender Leland Q. Towns, for defendant appellant Edward Hall, Jr.*

*Kenneth E. Ransom for defendant appellant Horace Stephens.*

PHILLIPS, Judge.

[1] The first of three questions raised by the defendants, either jointly or severally, is whether punishing each of them for both convictions — breaking or entering with the felonious intent to commit larceny therein in violation of G.S. 14-54, and larceny committed pursuant to such breaking or entering as provided in G.S. 14-72(b)(2) — violates the ban against double jeopardy contained in the constitutions of this state and the United States. *State v. Edmondson*, 316 N.C. 187, 340 S.E. 2d 110 (1986), which upheld earlier holdings to the same effect by this Court, requires that this question be answered in the negative.

[2]   The second question is whether defendant Stephens' objections to the police officers' testimony that his shoe soles *appeared* to match one set of the shoe prints that led from the store where the theft occurred to the house where defendants and the stolen merchandise were found should have been sustained. This question also requires a negative answer. Defendant's contention is that the testimony had no proper foundation. But, as was held in *State v. Atkinson*, 298 N.C. 673, 259 S.E. 2d 858 (1979), the officers though not experts in identifying shoe prints were qualified to compare shoes and shoe prints and testify with respect thereto, and, under the circumstances recorded, that they saw and compared both the shoe prints and shoes involved was foundation enough for their conclusion that the shoes and prints matched. *State v. Jackson*, 302 N.C. 101, 273 S.E. 2d 666 (1981).

[3]   The final question is whether defendant Hall must be resentenced because Article 81A, Chapter 15A of the North Carolina General Statutes, otherwise known as the Fair Sentencing Act, was not complied with in sentencing him. This question is raised by two assignments of error—one that the court erred in failing to find in mitigation that he had been honorably discharged from the armed services, and the other that the court erred in "failing to list separately for each offense the aggravating and mitigating factors found"—neither of which has merit, in our opinion, and we overrule them. The first assignment has no evidentiary basis because no proof was presented that defendant was honorably discharged from the armed services; all that the record contains with respect to him even being in the armed forces is a statement by his attorney that "he served in the armed services." While the facts stated in the second assignment, that the court did not "list separately for each offense the aggravating and mitigating factors found," are true, which is to say only one form sheet listing the court's findings of factors in aggravation and mitigation was signed and is in the record though two judgments imposing prison terms were entered, under the circumstances recorded that does not require that defendant be resentenced, as he contends. For the transcript of the sentencing hearing shows that after the court had heard from the defendants and counsel for both parties the following occurred:

THE COURT:

Madam Clerk, if you will go to your aggravating-mitigating factors forms, please.

As to the defendant, Edward Hall, Jr., in respect to both counts, felonious breaking, entering and felonious larceny, the Court finds the following aggravating factors: Number 26, the defendant has a prior conviction or convictions for criminal offenses punishable by more than sixty-days confinement.

Find no mitigating factors, and find that the aggravating factors were proven by a preponderance of the evidence, and that the factors in aggravation outweigh the factors in mitigation.

The transcript further shows that later, upon entering judgment against defendant Hall for breaking or entering, the court stated: "The Court makes the written findings set forth on the attached findings of factors in aggravation and mitigation of punishment"; and that upon entering judgment against the defendant for larceny, the court again stated: "The Court makes the written findings set forth on the attached findings of factors in aggravation and mitigation of punishment."

So, it is quite plain, it seems to us, that in sentencing the defendant to a term of imprisonment for each offense which exceeded the presumptive term that the trial judge made and listed findings which support the validity of both judgments under G.S. 15A-1340.4(b). It is also plain, we think, that in passing judgment on the defendant the court gave separate consideration to each offense and the aggravating and mitigating factors found in each instance. The only deficiency is that another aggravating and mitigating factors form sheet was not signed and put in the file, as the judge obviously intended, though that form refers to the case as a whole rather than to just one charge, the usual practice. But this was not a judicial error; it was but a ministerial oversight that did no prejudice to defendant. His contention that *State v. Ahearn*, 307 N.C. 584, 300 S.E. 2d 689 (1983) nevertheless requires that he be resentenced is at variance with our understanding of that case. As we read *Ahearn* it requires defendants sentenced for multiple convictions to be resentenced when the

record does not indicate that each of the sentences imposed was separately considered and based upon findings required by the Fair Sentencing Act. We do not understand *Ahearn* to require resentencing when all that is missing is a duplicate aggravating and mitigating factors form sheet. To so construe *Ahearn* would neither promote judicial economy, one of the main objects of that decision as it applies to this one, nor benefit the defendant.

No error.

Judges BECTON and COZORT concur.