STATE OF NORTH CAROLINA v. EARL CARTER CLARK, JR.

No. 9225SC91

(Filed 4 August 1992)

**1. Evidence and Witnesses § 2303 (NCI4th) — manslaughter and assault — self-defense — psychological testimony — excluded — no error**

The trial court did not abuse its discretion in a prosecution in which defendant was convicted of voluntary manslaughter, assault, and misdemeanor breaking and entering by excluding the testimony of a clinical psychologist that defendant suffered from three diagnosable psychological conditions at the time of the offenses. Although defendant argued that the testimony was relevant and admissible on the issue of self-defense as to the reasonableness of defendant's belief that it was necessary to use deadly force, the psychologist testified on voir dire that he could not render a specific diagnosis regarding the impact of a blow to a head with a baseball bat, that only the depersonalization disorder constituted a formally recognized diagnosis, and that defendant's symptoms were the same as those an ordinary person experiences. The trial court could thus properly find that the probative value of the evidence was weak and that it would not be of significant assistance to the jury.

**Am Jur 2d, Expert and Opinion Evidence §§ 193, 194, 362.**

STATE v. CLARK

[107 N.C. App. 184 (1992)]

2. **Evidence and Witnesses § 959 (NCI4th)— manslaughter— statements by deceased—state of mind exception—relationship between victim and defendant**

The trial court did not err in a prosecution in which defendant was convicted of manslaughter, assault, and misdemeanor breaking or entering by admitting testimony of the deceased's brother regarding statements made to him by the deceased. The court did not admit the statements under the catchall exceptions without the required full inquiry, but under N.C.G.S. § 8C-1, Rule 803(3) as a statement of the declarant's then existing state of mind, showing the mental condition of decedent as one of passivity as well as an intent not to meet defendant.

**Am Jur 2d, Evidence §§ 708-721.**

**Exception to hearsay rule, under Rule 803(3) of Federal Rules of Evidence, with respect to statement of declarant's mental, emotional, or physical condition. 75 ALR Fed 170.**

3. **Homicide § 86 (NCI4th)— manslaughter—instruction on self-defense—no plain error**

There was no plain error in a homicide prosecution where defendant contended that the court erred by instructing the jury that defendant would be guilty if he was the aggressor even though there was no evidence that defendant was the aggressor, but defendant did not object to the instruction and did not carry the burden of showing plain error.

**Am Jur 2d, Homicide §§ 145, 146.**

**Status of rules as to burden and quantum of proof to show self-defense. 43 ALR3d 221.**

4. **Assault and Battery § 116 (NCI4th)— assault with a deadly weapon with intent to kill—assault by pointing a gun as lesser offense—instruction refused**

The trial court did not err by refusing defendant's requested instruction on assault by pointing a gun as a lesser offense of assault with a deadly weapon with intent to kill where the uncontroverted evidence showed that defendant did more than merely point the gun, he brought the pistol within six inches of the resident's stomach and pulled the trigger in the midst of a struggle, but the gun did not discharge,

although it had discharged earlier during the course of the same struggle.

**Am Jur 2d, Trial §§ 1427-1435.**

5. **Criminal Law § 1081 (NCI4th)— sentencing—one aggravating factor outweighing six mitigating factors—no abuse of discretion**

The trial court did not abuse its discretion when sentencing defendant for assault and manslaughter by finding that one aggravating factor outweighed six mitigating factors. The weighing of aggravating and mitigating factors is not a simple matter of mathematics and the balance struck by the sentencing judge will not be disturbed on appeal if there is any support in the record for the judge's determination.

**Am Jur 2d, Criminal Law §§ 598, 599.**

6. **Criminal Law § 1086 (NCI4th)— sentencing—multiple convictions joined for sentencing—findings not tailored to convictions—error**

The trial court erred in its findings when sentencing defendant for manslaughter, assault with a deadly weapon with intent to kill, assault with a deadly weapon with intent to kill inflicting serious injury, and misdemeanor breaking and entering. The trial court did not need to find an aggravating factor for the misdemeanor, but doing so was superfluous and not prejudicial. As to the assault convictions, it is difficult to determine the aggravating factor applied to the conviction for assault with a deadly weapon with intent to kill inflicting serious injury, but it appears that the court erroneously applied the contemporaneous conviction of assault with a deadly weapon with intent to kill. Additionally, the trial court did not make written findings nor indicate at the sentencing hearing the aggravating factor being applied to the assault with a deadly weapon with intent to kill.

**Am Jur 2d, Criminal Law §§ 551, 552.**

APPEAL by defendant from judgments entered 1 August 1991 in CATAWBA County Superior Court by *Judge Chase B. Saunders.* Heard in the Court of Appeals 29 June 1992.

STATE v. CLARK

[107 N.C. App. 184 (1992)]

*Attorney General Lacy H. Thornburg, by Assistant Attorney General James E. Magner, Jr., for the State.*

*Isenhower, Wood, Cilley & Killian, P.A., by Mark L. Killian, for defendant-appellant.*

WYNN, Judge.

Defendant was charged by indictments with first degree murder, assault with a deadly weapon with intent to kill inflicting serious injury, first degree burglary, and assault with a deadly weapon with intent to kill.

The State's evidence tended to show that defendant shot and killed his estranged wife's boyfriend with a .357 magnum pistol, shot and wounded his wife's brother with the same pistol, forced his way into an apartment where his wife had taken refuge, and pulled the trigger of the pistol at one of the residents of the apartment, but the gun did not discharge.

Defendant asserted that the shootings were in self-defense because the deceased had picked up a baseball bat and threatened to knock defendant's "brains out" if defendant took the wife and her child with him.

Defendant was found guilty of voluntary manslaughter, assault with a deadly weapon with intent to kill, assault with a deadly weapon with intent to kill inflicting serious injury, and misdemeanor breaking and entering. He was sentenced to the maximum prison terms for each offense.

---

[1] Defendant contends the trial court erred by excluding the testimony of a clinical psychologist that defendant suffered from three diagnosable psychological conditions at the time of the offenses: (1) child abuse syndrome; (2) acute depersonalization reaction; and (3) impaired mental faculties caused by a blow to the jaw with a baseball bat. Defendant argues that the testimony was relevant and admissible on the issue of self-defense as to the reasonableness of defendant's belief that it was necessary to use deadly force in order to save himself from death or great bodily harm.

A trial court may exclude expert testimony if it determines that the probative value of the evidence, even if relevant, is substantially outweighed by the danger of unfair prejudice, confusion of

the issues, or misleading the jury. *State v. Knox*, 78 N.C. App. 493, 337 S.E.2d 154 (1985). The determination of the admissibility of expert testimony is within the discretion of the trial judge, who has wide latitude. *State v. Bullard*, 312 N.C. 129, 322 S.E.2d 370 (1984). During *voir dire* on the admissibility of his testimony, the psychologist conceded that he could not render a specific diagnosis regarding the impact of the blow to the head with a baseball bat and that only the depersonalization disorder constituted a formally recognized diagnosis. The psychologist testified that defendant's symptoms were the same as what an ordinary person experiences. The trial court thus properly could find the probative value of the evidence was weak and that it would not be of significant assistance to the jury. We conclude the trial court did not abuse its discretion in excluding this evidence.

[2]   Defendant further contends the trial court erred by admitting testimony of the deceased's brother regarding statements made to him by the deceased. He argues that the court should not have admitted these hearsay statements because the court failed to make the full inquiry required by the catchall exceptions of Rules 803(24) and 804(b)(5) of the Rules of Evidence. The court, however, did not admit the testimony under the catchall exceptions, but under Rule 803(3) as a statement of the declarant's then existing state of mind as showing the mental condition of the decedent as one of passivity, as well as an intent not to meet the defendant. Such testimony is admissible under the state-of-mind exception to the hearsay rule to show the relationship between the victim and the defendant. *See State v. Lynch*, 327 N.C. 210, 393 S.E.2d 811 (1990). This assignment of error is overruled.

[3]   Defendant next contends that the trial court erred by instructing the jury on the principle of self-defense, specifically that defendant would be guilty of voluntary manslaughter if he was the aggressor. He argues that this instruction was error because there is no evidence in the record that defendant was the aggressor. Defendant, however, did not object to this instruction and therefore must show plain error. *State v. Odom*, 307 N.C. 655, 300 S.E.2d 375 (1983). In such instances, the burden is on the defendant to show that plain error exists. He has not carried this burden.

[4]   Defendant also assigns error to the trial court's refusal of his request for an instruction on the offense of assault by pointing a gun as a lesser offense of the charge of assault with a deadly

STATE v. CLARK

[107 N.C. App. 184 (1992)]

weapon with intent to kill. He argues submission of this instruction was required by uncontroverted evidence that defendant pointed the pistol at the resident of the apartment where his wife took refuge.

Submission of a lesser included offense is required when and only when there is evidence from which the jury could find the defendant committed the lesser offense. *State v. Hall*, 305 N.C. 77, 286 S.E.2d 552 (1982), *overruled on other grounds* by *State v. Diaz*, 317 N.C. 545, 346 S.E.2d 488 (1986). The court is not required to submit the lesser offense if the State's evidence is positive as to each element of the crime charged and there is no conflicting evidence as to any element. *Id.* at 84, 286 S.E.2d at 556. The court also is not required to submit the lesser offense when there is merely a possibility the jury might accept the State's uncontradicted evidence in part and reject it in part. *State v. Hicks*, 241 N.C. 156, 84 S.E.2d 545 (1954). Here, the uncontroverted evidence shows that defendant did more than merely point the gun—he brought the pistol within six inches of the resident's stomach and pulled the trigger in the midst of a struggle with the resident, but the gun did not discharge. This occurred after the gun had discharged during the course of the same struggle. The court therefore properly declined to submit the requested instruction.

[5] Finally, the defendant assigns error to his sentencing. As the sole factor in aggravation of each conviction, the trial court found that defendant had a record of prior convictions punishable by more than sixty days confinement. The trial court found the same six statutory factors in mitigation of each conviction. It determined that the aggravating factor outweighed the mitigating factors.

Defendant contends the trial court abused its discretion by finding the aggravating factor outweighed the six mitigating factors. We disagree. The weighing of aggravating and mitigating factors is not a simple matter of mathematics, and the balance struck by the sentencing judge will not be disturbed on appeal if there is any support in the record for the judge's determination. *State v. Davis*, 58 N.C. App. 330, 293 S.E.2d 658, *disc. rev. denied*, 306 N.C. 745, 295 S.E.2d 482 (1982). We do not find an abuse of discretion.

[6] Defendant next contends the court erred by failing to tailor its findings of aggravating and mitigating factors to each offense. We agree. The relevant statute, N.C. Gen. Stat. § 15A-1340.4(b), states:

**STATE v. CLARK**

[107 N.C. App. 184 (1992)]

> If the judge imposes a prison term for a *felony* that differs
> from the presumptive term provided in subsection (f). . . the
> judge must specifically list in the record each matter in ag-
> gravation or mitigation that he finds proved by a preponderance
> of the evidence.

N.C. Gen. Stat. § 15A-1340.4(b) (1991) (emphasis added).

In *State v. Ahearn,* our Supreme Court held that:

> in every case in which the sentencing judge is required to
> make findings in aggravation and mitigation to support a
> sentence which varies from the presumptive term, each of-
> fense, whether consolidated for hearing or not, must be treated
> separately, and separately supported by findings tailored to
> the individual offense and applicable only to that offense.

*State v. Ahearn,* 307 N.C. 584, 598, 300 S.E.2d 689, 698 (1983).

In the instant case, the defendant was convicted of three felonies: voluntary manslaughter, assault with a deadly weapon with intent to kill inflicting serious injury, and assault with a deadly weapon with intent to kill. The only aggravating factors found by the trial court were the defendant's prior convictions of forcible trespass and damage to real property. The defendant received the maximum term for all three felonies.

At the sentencing hearing the trial court stated that it would apply the aggravating and mitigating factors as follows:

> Let the record reflect the Court will accept the mitigating
> factor as tendered with respect to all counts; will apply the
> aggravating factors as follows: In the breaking or entering
> and the voluntary manslaughter count, *damage to real proper-*
> *ty;* in the assault with a deadly weapon with intent to kill
> inflicting serious injury count, *forcible trespass,* and assault
> with a deadly weapon with intent to kill count; balancing the
> aggravating and the mitigating factors, find that the aggravating
> factor outweighs the mitigating and will impose the following
> judgment. . . .

(Emphasis added).

The trial court did not need to find an aggravating factor for the breaking and entering count since the defendant was convicted of a misdemeanor which is not subject to N.C. Gen. Stat.

§ 15A-1340.4(b). The finding of an aggravating factor for the misdemeanor conviction, therefore, was superfluous and non-prejudicial error. The extent of punishment for misdemeanors is referred to the discretion of the trial court and its sentence may not be interfered with by the appellate court, except in cases of manifest and gross abuse. *State v. Miller*, 94 N.C. 901 (1886). We find no such abuse.

In regards to the three felony convictions, the record indicates the trial court separately considered all mitigating and aggravating factors in sentencing the defendant for the voluntary manslaughter conviction. It is unclear, however, which aggravating factor was applied to the assault with a deadly weapon with intent to kill conviction inflicting serious injury and assault with a deadly weapon with intent to kill convictions.

Before imposing a prison term other than the presumptive sentence, the trial court must consider all aggravating and mitigating factors supported by a preponderance of the evidence. *State v. Parker*, 315 N.C. 249, 258, 337 S.E.2d 497, 502 (1985). Since the trial court did not fill out separate aggravating and mitigating factor form sheets for the two assault convictions, we must examine the transcript of the sentencing hearing to determine whether the trial court made proper findings supporting both convictions. *Cf. State v. Hall*, 81 N.C. App. 650, 652, 344 S.E.2d 811, 813, *cert. dismissed*, 318 N.C. 510, 349 S.E.2d 868 (1986) (holding the failure to fill out two aggravating and mitigating factor form sheets is ministerial oversight rather than judicial error when the transcript of the sentencing hearing shows the trial judge made and listed findings supporting the validity of both judgments).

Based upon the transcript, it is difficult to determine what aggravating factor the trial court applied to the assault with a deadly weapon with intent to kill inflicting serious injury conviction. It appears the trial court applied *two* aggravating factors: the defendant's prior conviction of forcible trespass and his contemporaneous conviction of assault with a deadly weapon with intent to kill. This was error. "[A] conviction may not be aggravated by prior convictions of other crimes which could have been joined for trial by a contemporaneous conviction of a crime actually joined by or acts which form the gravamen of these convictions." *State v. Hayes*, 323 N.C. 306, 312, 372 S.E.2d 704, 707-708 (1988).

In addition, the trial court did not make written findings nor indicate at the sentencing hearing what aggravating factor was being applied to the assault with a deadly weapon with intent to kill count. This also was error. Since the trial court did not properly indicate what aggravating factor was being applied to the two assault convictions, they must be remanded for resentencing. *State v. Ahearn*, 307 N.C. at 602, 300 S.E.2d at 701.

In summary, we hold:

In Case Number 90 CRS 17802: Count 1—charge of assault with a deadly weapon with intent to kill inflicting serious injury— Sentence Vacated and case remanded for resentencing.

Count 2—charge of misdemeanor breaking and entering—No error.

Count 3—charge of assault with a deadly weapon with intent to kill—Sentence Vacated and case remanded for resentencing.

In Case Number 90 CRS 17803—charge of voluntary manslaughter—No error.

Chief Judge HEDRICK and Judge JOHNSON concur.