STATE OF NORTH CAROLINA
v.
MELVIN ROBERT CAVINESS, Defendant.
No. COA08-212
Court of Appeals of North Carolina
Filed December 16, 2008
This case not for publication
Attorney General Roy Cooper, by Assistant Attorney General Anne M. Middleton, for the State.
J. Clark Fischer for defendant-appellant.
GEER, Judge.
Defendant Melvin Robert Caviness appeals from his convictions of two counts of first degree rape of a child and two counts of taking indecent liberties with a child. On appeal, defendant argues only that his motion to dismiss the rape charges should have been granted based on a lack of evidence of penetration. We hold that the alleged victim's testimony combined with expert testimony was sufficient to support a finding of penetration. Accordingly, the trial court properly denied the motion to dismiss.
At the time of the trial, A.M. was nine years old and in the fourth grade. A.M. and her mother had lived with defendant from September 2006 until December 2006. Everyone, including A.M., called defendant "Uncle Melvin," although he is not her uncle. A.M. was sometimes home alone with defendant while her mother was at work. On those occasions, defendant took A.M. into his bedroom and engaged in sexual conduct. The State contended at trial that defendant penetrated A.M.'s vagina with his penis, while defendant argued no penetration occurred. According to A.M., these incidents occurred on more than four occasions, but did not take place on Wednesdays or Saturdays because A.M.'s mother did not work on those days.
The first person A.M. told about the incidents was her mother's boyfriend, William Partee. He told A.M.'s mother, and they immediately took A.M. to the hospital. Officer Scott Edwards of the Greensboro Police Department responded to the hospital to investigate A.M.'s allegations. A.M. told Officer Edwards that defendant had touched her private parts with his private parts.
The case was referred to Detective Shawn Barnes of the Greensboro Police Department. A.M. also told Detective Barnes that defendant touched her private parts with his private parts and explained that defendant used two jars of Vaseline, located in the upstairs bathroom when he touched her. Detective Barnes obtained a search warrant and located and seized the two jars of Vaseline.
Kimberly Madden, an expert in forensic interviewing with the Children's Advocacy Center, interviewed A.M. on 24 January 2007. Angela Stanley, M.D., a pediatrician with the Moses Cone Health System, also conducted a physical examination of A.M. on the same date. Defendant was indicted for two counts of first degree rape of a child and two counts of indecent liberties with a child. At trial, the State presented the testimony of A.M., Mr. Partee, A.M.'s mother, the two law enforcement officers, Ms. Madden, and Dr. Stanley. Defendant presented no evidence. The jury found defendant guilty of all four charges, and the trial court sentenced defendant to two consecutive presumptive-range sentences of 432 to 528 months imprisonment. Defendant timely appealed to this Court.

Discussion
Defendant's sole assignment of error on appeal is that the trial court erroneously denied his motion to dismiss the two charges of first degree rape of a child because the State failed to produce substantial evidence of the essential element of penetration. When reviewing a motion to dismiss, we view "the evidence in the light most favorable to the State, giving the State the benefit of all reasonable inferences." State v. Morgan, 359 N.C. 131, 161, 604 S.E.2d 886, 904 (2004), cert. denied, 546 U.S. 830, 163 L. Ed. 2d 79, 126 S. Ct. 47 (2005). If we find that "substantial evidence exists to support each essential element of the crime charged and that defendant was the perpetrator, it is proper for the trial court to [have denied] the motion." Id. "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." State v. Brown, 310 N.C. 563, 566, 313 S.E.2d 585, 587 (1984).
The elements of first degree rape are set out in N.C. Gen. Stat. § 14-27.2 (2007), which provides in relevant part: (a) A person is guilty of rape in the first degree if the person engages in vaginal intercourse:
(1) With a victim who is a child under the age of 13 years and the defendant is at least 12 years old and is at least four years older than the victim[.]
Our Supreme Court has held that "'[v]aginal intercourse is penetration, however slight, of the female sex organ by the male sex organ. The actual emission of semen is not necessary. It is not necessary that the vagina be entered or that the hymen be ruptured. The entering of the vulva or labia is sufficient.'" State v. Fletcher, 322 N.C. 415, 424, 368 S.E.2d 633, 638 (1988).
Defendant bases his argument regarding penetration on the fact that A.M. only testified that defendant put his private part "on" her private part and never testified that defendant put his penis "in" her private part. The State, however, presented additional circumstantial evidence of penetration. Specifically, A.M. testified that defendant used Vaseline before putting his private part on hers, that it would still hurt, that she would have to use the bathroom after defendant was done, that it would sting when she urinated, and that she would see Vaseline on the toilet paper after she wiped herself.
Dr. Stanley testified that there are three layers to the female genitalia: the external part, the part inside the labia, and then the hymen and the opening to the vagina. Dr. Stanley explained that the urethral opening is inside the labia, and friction against the urethral opening can cause a sense of urinary urgency. Dr. Stanley also noted that although friction on the outside part of the genitalia might cause discomfort, abrasion to inner tissues can cause microscopic breaks in the skin that results in a stinging sensation during urination.
A.M.'s testimony in conjunction with Dr. Stanley's expert medical testimony is sufficient to permit a reasonable jury to conclude that defendant's penis rubbed against A.M.'s urethral opening and caused an abrasion of the tissues inside A.M.'s labia. Defendant's use of Vaseline is also consistent with insertion of defendant's penis in the genital opening. The State's evidence is thus sufficient to permit a finding of penetration and, therefore, the trial court properly denied the motion to dismiss.
No error.
Judges WYNN and ELMORE concur.
Report per Rule 30(e).